UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DONALD V. WATKINS, SR., ESQ., and MASADA RESOURCE GROUP, LLC,<br><br>Defendants. | Civil Action No. :<br><br>1:16-CV-03298-SCJ |

### FINAL JUDGMENT

For the reasons set forth in this Court's prior orders granting the Commission's motions for summary judgment and for the imposition of remedies [Dkts. 122, 156], the Court hereby ORDERS as follows:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendants, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them are permanently enjoined from violating, directly or indirectly:

A.     Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud,

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds.

B.     Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds.

## II.

**IT IS HEREBY FURTHER ORDERED** that Defendants are jointly and severally liable for disgorgement of $2,000,000, representing profits gained as a result of the conduct alleged in the Amended Complaint, plus prejudgment interest in the amount of $558,363.88.  It is further ordered that Defendant Watkins is individually liable for an additional $150,000, representing profits gained as a result of the conduct alleged in the Amended Complaint, plus prejudgment interest in the amount of $41,877.30.  The Defendants shall pay these amounts within fourteen days after the entry of this judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post

judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.

The Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer and Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  The Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court;  the Defendants' names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making the payments, the Defendants relinquish all legal and equitable

right, title, and interest in such funds and no part of the funds shall be returned to the Defendants.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after a failure of the Defendants to make payments as required by this Final Judgment.  The Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  Any restitution paid to Charles Barkley or Barkley Enterprises as part of the criminal case titled *U.S. v. Watkins*, Np. 2:18-cr-00166-KOB-JEO (N.D. Ala.), shall be credited toward the Defendants' obligations set forth in this paragraph.

### III.

**IT IS HEREBY FURTHER ORDERED** that Defendant Masada Resources, Inc. is individually liable to pay a civil monetary penalty of $1,450,000, and that Defendant Watkins is individually liable to pay a civil monetary penalty of $450,000.  The Defendants shall pay the civil penalties within 14 days of entry of this Final Judgment.

The Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer and Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the

SEC website at http://www.sec.gov/about/offices/ofm.htm.  The Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court;  the Defendants as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making the payment, the Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Defendants.

The Commission may enforce the Court's judgment for a civil penalty through any collection procedures authorized by law at any time after a failure of the Defendants to make payments as set forth above.  The Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

The Commission shall hold any funds collected pursuant to this Final Judgment (collectively, the "Fund") and may propose a plan to distribute the Fund to Charles Barkley or Barkley Enterprises, subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund.

## V.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **ORDERED** to enter this Final Judgment forthwith and without further notice.

Dated: _July 11, 2019_, 2019

                                            s/Steve C. Jones
                                            UNITED STATES DISTRICT JUDGE